## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **SHELIA ROBERTS &** )<br>**REGINALD ROBERTS** )<br>    Plaintiffs, )<br> )<br>v. )<br> )<br>**JOHNSON, SMTIH & ASSOCIATES** )<br>    Defendant, )<br> ) | **Civil Action No.** |

### COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiffs, SHELIA ROBERTS & REGINALD ROBERTS, by and through their attorneys, the CONSUMER RIGHTS LAW FIRM, PLLC, and for their Complaint against the Defendant, JOHNSON, SMITH & ASSOCIATES, and Plaintiffs states as follows:

### *I. INTRODUCTION*

1. This is an action for actual and statutory damages brought by Plaintiffs, Shelia Roberts & Reginald Roberts, an individual consumer, against Defendant, Johnson, Smith & Associates and their agents for violations of the law, including, but not limited to, violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### *II. JURISDICTION*

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Because Defendant conducts business in Massachusetts, personal jurisdiction is established.

4. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

5. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) in that the Defendant resides in this District.

### *III. PARTIES*

7. Plaintiff, Shelia Roberts (hereinafter "Mrs. Roberts"), is an adult individual who was at all relevant times residing in Charlotte, Mecklenburg County, State of North Carolina.

8. Plaintiff, Reginald Roberts (hereinafter "Mr. Roberts"), is an adult individual who was at all relevant times residing in Charlotte, Mecklenburg County, State of North Carolina.

9. At all relevant times, Plaintiffs were "consumers" as that term is defined by 15 U.S.C. § 1692a(3).

10. Upon information and belief the Defendant, Johnson, Smith & Associates, (hereinafter "Defendant") is a business entity engaged in the business of collecting debt in this state and in several other states, with its principal place of business located at 400 West Cummings Park, Woburn, Middlesex County, Commonwealth of Massachusetts.

11. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

12. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

13. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors, bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as telephone and facsimile.

14. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

15. At all relevant times, Defendant acted through it duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. *FACTUAL ALLEGATIONS*

16. The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

17. The alleged debt meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

18. Upon information and belief, at some point the alleged debt was consigned, placed or otherwise transferred to Defendant for collection.

19. On July 10, 2018, at roughly 10:00am, Ms. Roberts received a phone call from Defendant.

20. During this call Defendant stated to Ms. Roberts that Defendant was going to put a lien on her home.

21. Within one (1) year preceding the date of this Complaint, Plaintiffs received a letter from Defendant.

22. This letter was signed "Director of Litigation".

23. The natural consequences of Defendant's statements and actions were to unjustly condemn and vilify Plaintiffs for their non-payment of the debt she allegedly owed.

24. The natural consequences of Defendant's statements and actions were to produce an unpleasant and/or hostile situation between Defendant and Plaintiffs.

25. Defendant utilized unfair and unconscionable means to collect on an alleged debt, by harassing Plaintiffs by threatening litigation.

## V. *CAUSES OF ACTION*

### *VIOLATIONS OF THE FDCPA- 15 U.S.C. § 1692, et seq.*

26. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

27. The foregoing acts and omissions of each Defendant and their agents constitute numerous and multiple violations of the FDCPA including but not limited to, each and every one of the provisions of the FDCPA, 15 U.S.C. § 1692 et seq., cited above, and below, with respect to the Plaintiffs:

   (a) Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt; and

(b) Defendant violated *§1692e* of the FDCPA by using a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt; and

(c) Defendant violated *§1692e(2)(A)* of the FDCPA by falsely representing the character, amount, or legal status of the alleged debt; and

(d) Defendant violated *§1692e(4)* of the FDCPA by giving the false representation or implication that nonpayment of the alleged debt will result in the attachment, or sale of any property any person when such action is unlawful and the Defendant or alleged creditor does not intend to take such action; and

(e) Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that the Defendant does not intend to take and/or the Defendant cannot legally take; and

(f) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt.

28. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiffs to pay the alleged debt.

29. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiffs for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in an

amount up to one thousand dollars ($1,000.00) pursuant to 15 U.S.C. § 1692 (a)(2)(A), and reasonable costs and attorney fees pursuant to 15 U.S.C. 15 § 1692k(a)(3), from Defendant.

## VI. *PRAYER FOR RELIEF*

**WHEREFORE**, Plaintiffs respectfully requests that judgment be entered against Defendant for the following:

A. Declaratory judgment Defendant's conduct violated the FDCPA;

B. Statutory damages of $1,000.00 from Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A);

C. Costs and reasonable attorney fees from each Defendant and for Plaintiffs pursuant to 15 U.S.C. § 1692k(a)(3);

D. Punitive damages in such amount as is found appropriate.

E. For Such other and further relief as the Court may deem just and proper.

## VII. DEMAND FOR JURY TRIAL

Please take notice that Plaintiffs, Shelia Roberts and Reginald Roberts, demands trial by jury in this action on all issues so triable. US Const. amend 7. Fed.R.Civ.P. 38.

RESPECTFULLY SUBMITTED,<br>
Shelia & Reginald Roberts<br><br>
By their Attorneys,<br>
Consumer Rights Law Firm, PLLC

/s/Derek H. DePetrillo
Derek H. DePetrillo, BBO: 670303
133 Main St, 2nd Floor
North Andover, Massachusetts 01845
Phone: (978) 212-3300
Attorneyderekd@consumerlawfirmcenter.com

/s/Kevin J. Buckley, Jr.
Kevin J. Buckley, Jr., BBO: 674594
133 Main St, 2nd Floor
North Andover, Massachusetts 01845
Phone: (978) 212-3300
Attorneykevinb@consumerlawfirmcenter.com